UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUAN D. KINNEY,

      Plaintiff,

                                       **Civil Action 2:18-cv-1239**

      v.                                 **Judge George C. Smith**

                                       **Magistrate Judge Chelsey M. Vascura**

ODRC AND STAFF, *et al.,*

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Juan D. Kinney, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the Ohio Department of Corrections and Rehabilitation ("ODRC") "and Staff," Dr. Harlan, Ms. Bassie, and John Doe Nurses. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 4.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. §
1915(b)(1). Plaintiff's certified trust fund statements reveal that he currently has no money in his
prison account.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts
(Inmate Id Number A696090) at Pickaway Correctional Institution is **DIRECTED** to submit to
the Clerk of the United States District Court for the Southern District of Ohio as an initial partial
payment, 20% of the greater of either the average monthly deposits to the inmate trust account or
the average monthly balance in the inmate trust account, for the six-months immediately
preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the
inmate's preceding monthly income credited to the account, but only when the amount in the
account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28
U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks
should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of
fees or costs and that judicial officers who render services in this action shall do so as if the costs
had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff

and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*       \*       \*
>
> (B) the action or appeal--
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.

In the document Plaintiff filed to initiate this action, which the undersigned construes as his Complaint, Plaintiff says he is bringing to the Court's attention the "bodily injury resulting in spinal surgeries that [he] sustained while in custody of the state, namely [O.D.R.C.] hocking correctional, Dr. Harlan, who was at the time [his guardian]."  (Pl's Compl. 1-2, ECF No. 1.) Plaintiff alleges that his injury occurred in July 2016 and represents that he has been unable to bring this action earlier due to mental impairment.  Plaintiff further states that he underwent a second surgery in February 2018 and has been undergoing therapy at Franklin Medical Center. Plaintiff requests "justice for the physical and mental injustice done to him while in the . . . care of Defendants."  (*Id*. at 2.)  Plaintiff also appears to request that the Court consider his claims timely because he is "just now mentally able to file complaints."  (*Id*.)

The undersigned concludes that Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that any of the named defendants violated Plaintiff's rights.  In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).  To sufficiently plead the second element, a plaintiff must allege "personal involvement."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Here, the the undersigned is unable to discern what actions Defendants took that could suffice to form the basis of a plausible claim under § 1983.  For these reasons, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2).

## III.

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 4) is **GRANTED**.  In addition, it is **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

6

**IT IS SO ORDERED**.

                 /s/ *Chelsey M. Vascura* _____
                 CHELSEY M. VASCURA
                 UNITED STATES MAGISTRATE JUDGE