# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JUAN D. KINNEY,

    Plaintiff,

v.

ODRC AND STAFF, *et al.*,

    Defendants.

Civil Action 2:18-cv-1239
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On November 2, 2018, the United States Magistrate Judge issued an *Order and Report and Recommendation* (ECF No. 5) granting Plaintiff leave to proceed *in forma pauperis* and recommending that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). The parties were advised of their right to object to the *Order and Report and Recommendation*. This matter is now before the Court on Plaintiff's Objection to the *Order and Report and Recommendation* (ECF No. 5) and his Amended Complaint (ECF No. 7).

I.     **Plaintiff's Objection to the Report and Recommendation**

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). "The district Judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3).

In his two-paragraph Objection, Plaintiff states that he objects because Defendants failed to furnish medical care when asked and because Defendants' acts and omissions constitute deliberate indifference to his serious medical needs. Plaintiff's Objections do not cure the deficiencies outlined by the Magistrate Judge. Specifically, the Magistrate Judge explained that Plaintiff's Complaint failed to sufficiently identify what actions Defendants took that could suffice to form the basis of a plausible claim under § 1983. The undersigned agrees. Plaintiff's "naked assertion devoid of further factual enhancement" that Defendants' acts and omissions constitute unconstitutional deliberate indifference is not enough to satisfy the required pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

The Court therefore **ADOPTS** the *Report and Recommendation.*

## II. Plaintiff's Amended Complaint

More than a month after the *Order and Report and Recommendation* issued and several weeks after the deadline for filing objections expired, the Court received an Amended Complaint, which Plaintiff filed without leave of court. Although Plaintiff's Amended Complaint could be properly stricken in view of his failure to seek leave, the Court will nevertheless generously consider whether such leave should be granted.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be *futile*.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750,

2

753 (6th Cir.1995)) (emphasis added). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes,*

*Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

Plaintiff's proposed amendment is futile. Although Plaintiff's Amended Complaint contains much more detailed allegations than his original Complaint, it still fails to state plausible claims for relief. To begin, his claims are time barred because the events about which Plaintiff complains arose more than two years ago. Ohio Revised Code § 2305.10 creates a two-year statute of limitations for 42 U.S.C. § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). This statute of limitations begins to run on 42 U.S.C. § 1983 claims when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

Regardless, even if the Court were to find these claims to be timely based upon Plaintiff's conclusory assertion that equitable tolling applies because he was too mentally ill to bring these claims until now, his allegations would not withstand a motion to dismiss. According to Plaintiff's Amended Complaint, in July 2016, he began experiencing pain after falling out a chair. He was prescribed the medication Desipramine to treat his pain. When his complaints of pain continued, he was sent to Franklin Medical Center in September 2016 for evaluation by a specialist. The specialist performed a nerve conduction test and diagnosed Plaintiff with pinched nerves in his back. Plaintiff was also informed by Dr. Harlan that he had arthritis in his back. Plaintiff demanded narcotics to treat his pain (*see* ECF No. 7-1 at PAGEID # 59), but was instead prescribed Tylenol in addition to an increased dose Desipramine, given a hot water bottle, and advised to perform hip and back exercises, (*see* ECF No. 7 at PAGEID # 38-39, ECF No. 7-1 at PAGEID # 52, 57). Plaintiff indicated that he has subsequently underwent two back surgeries, most recently in March 2018, and that he is currently in a wheelchair and does not

4

know when he will no longer need a wheelchair. (ECF No. 7 at PAGEID # 39). According to Plaintiff, Dr. Harlan's failure to properly diagnose him earlier has resulted in permanent damage. Plaintiff names "Dr. Harlan and Staff" as Defendants, and states that he is suing them in both their individual and official capacities. (ECF No. 7 at PAGEID # 36-37). In addition to several state-law claims, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs.

Plaintiff has not sufficiently alleged a claim for deliberate indifference. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895-96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787-88 (6th Cir. 2011); *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

5

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591 (quotation marks and citation omitted).

Applied here, nothing in Plaintiff's Amended Complaint reveals that the individuals who treated him were aware of facts from which they could infer that Plaintiff faced a substantial risk of serious harm and that they consciously disregarded that risk. To the contrary, when Plaintiff complained of pain, he was seen at the infirmary where he underwent testing; prescribed medication and exercises; and referred to Franklin Medical Center where he underwent additional testing. After the more conservative measures for controlling Plaintiff's pain failed, he underwent two surgeries. In view of the medical treatment that Plaintiff acknowledges he received, the Court cannot conclude that his treatment was so "woefully inadequate as to amount to no treatment at all," *Alspaugh*, 643 F.3d at 169 (quoting *Westlake*, 537 F.2d at 860 n.5). Nor can the Court conclude that Defendants were aware of a risk to Plaintiff's health that they

consciously disregarded. Certainly, it is possible that the individuals responsible for treating Plaintiff were negligent, but as set forth above, "incompetence . . . does not rise to the level of a constitutional violation." *Santiago*, 734 F.3d at 591.

Plaintiff's disagreement about whether he should have been prescribed narcotics for his pain instead of Desipramine,[1] Tylenol, and exercises, also fails to state a claim for medical indifference. *See, e.g., Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

In summary, because Plaintiff's Amended Complaint is futile, even if he had timely moved for leave to file it, the Court would have denied him leave to amend. The Court therefore **STRIKES** Plaintiff's Amended Complaint.

---

[1] Plaintiff makes much of the fact that Desipramine is a medication used to treat depression, but fails to recognize that it is also prescribed to treat neuropathic pain, which Plaintiff acknowledges was the source of his pain according to the nerve conduction tests he underwent. *See* Hearn L., *Desipramine for neuropathic pain in adults* (Sept. 23, 2014), https://www.ncbi.nlm.nih.gov/pubmed/25246131.

## III. DISPOSITION

For the reasons set forth above, Plaintiff's Objections are **OVERRULED**, and the *Order and Report and Recommendation* is **ADOPTED**. In addition, the Court **STRIKES** Plaintiff's Amended Complaint as futile (Doc. 7). Accordingly, this action is **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

The Clerk shall remove ECF No. 5 from the pending motions list and terminate this case.

**IT IS SO ORDERED.**

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**